Aaron W. Baker, OSB No. 922220
Email: aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
Email: serena@awbakerlaw.com
BAKER & LISS PC
1000 SW Broadway, Suite 2300
Portland, OR 97205
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DIANNA NOVAK**,

Plaintiff,

v.

**MORNINGSTAR SENIOR LIVING LLC; and MORNINGSTAR SENIOR MANAGEMENT, LLC**,

Defendants.

Case No. 3:25-cv-00017-AB

FIRST AMENDED COMPLAINT

Unlawful Employment Practices

(42 U.S.C. § 1981; ORS 659A.030; ORS 659A.183; ORS 659A.199; ORS 659A.233; ORS 659A.355; Wrongful Discharge)

**DEMAND FOR JURY TRIAL**

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages, and attorney fees for herself to redress injuries done to her by Defendants

MorningStar Senior Living LLC; MorningStar Senior Management, LLC; and/or officers, employees, owners, members, and/or agents of said Defendants in contravention of her federally protected rights in violation of 42 U.S.C. § 1981 and her state protected rights in violation of ORS 659A.030; ORS 659A.183; ORS 659A.199; ORS 659A.233, ORS 659A.355, and Common Law Wrongful Discharge.

**Jurisdictional Allegations**

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims occurred in this judicial district.

**General Factual Allegations**

4.

Defendant MorningStar Senior Living LLC is and was at all material times herein mentioned a foreign limited liability company with its headquarters in Denver, Colorado.

5.

Defendant MorningStar Senior Management, LLC is and was at all material times herein mentioned a foreign limited liability company with its principal place of business in Beaverton, Oregon.

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

6.

At all material times herein, Defendants conducted business in Multnomah County, Oregon, including but not limited to hiring and employing Plaintiff.

7.

Plaintiff is and was a resident of Portland, Multnomah County, Oregon at all material times herein.

8.

At all material times herein, Plaintiff was supervised by Defendants' employees, supervisors, management, and/or agents and Plaintiff relied on the actual or apparent authority of Defendants' employees, supervisors, management, and/or agents.

9.

Defendants discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to discrimination and harassment, and retaliated against Plaintiff for engaging in various protected activities.

10.

Defendants hired Plaintiff in or about December of 2022 with start date of on or about January 16, 2023, as the Wellness Director for the MorningStar Assisted Living at Laurelhurst location (hereinafter "MorningStar at Laurelhurst"). Plaintiff was interviewed and hired by two employees who were no longer employed by Defendants at the time Defendants terminated Plaintiff's employment. Plaintiff was good at her job and worked hard for Defendants, often working sixty or more hours per week. Moreover, Plaintiff was on call with Defendants twenty-four hours per day, seven days per week.

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

11.

To Plaintiff's knowledge, she was the only Black, African American woman working at MorningStar at Laurelhurst.

12.

During her employment with Defendants, Plaintiff learned from a coworker that Defendants' Chief of Operations commented that he does not like Black women in general, or words to that effect, and that he disliked strong Black women in particular.

13.

When Defendants' Chief of Operations saw Plaintiff for the first time, he gave Plaintiff a look that suggested that he was unpleasantly surprised that she is Black.

14.

MorningStar at Laurelhurst is not a skilled nursing facility. Plaintiff was the only nurse working at the location. One of her job duties as the Wellness Director was to assess potential residents to determine whether MorningStar at Laurelhurst had the necessary services to meet each potential resident's needs, including their medical needs. In cases in which Plaintiff determined that MorningStar at Laurelhurst would not meet a potential resident's needs, she would be obligated to reject their rental applications.

15.

In or about mid-September of 2023, Plaintiff suffered a miscarriage at work. She informed MorningStar at Laurelhurst's Executive Director of the miscarriage. Plaintiff took two days off for the miscarriage and then felt she had to return to work.

///

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

16.

In or about October of 2023, Plaintiff sent a written wage increase request to Defendants' Chief of Operations. The Chief of Operations did not respond to Plaintiff's request, so Plaintiff followed up with the Executive Director. The Executive Director stated that they would discuss the wage increase request at Plaintiff's one-year anniversary of working for Defendants.

17.

On or about December 12, 2023, Plaintiff learned that a Medication Technician (hereinafter "Med Tech") had made a medication error that caused a resident to not be given at least one of the resident's medications for several days. Upon learning of the medication error, Plaintiff immediately called Kaiser to rectify the situation.

18.

In or about December of 2023, Plaintiff suffered another miscarriage. She was out of work for three days for follow-up medical care.

19.

On or about December 19, 2023, when Plaintiff returned to work from medical leave, the Executive Director instructed Plaintiff to call Adult Protective Services to report the medication error that was made by the Med Tech. Plaintiff did as she was instructed.

20.

While Plaintiff was at work on or about December 19, 2023, she learned that her grandmother died. Plaintiff informed the Executive Director that her grandmother had died. Plaintiff went home early that day, but the Executive Director called Plaintiff about work while Plaintiff was at home.

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

21.

After Plaintiff suffered the two miscarriages and Plaintiff's grandmother had died, MorningStar at Laurelhurst's Executive Director commented to Plaintiff that Plaintiff was "not as bubbly as [she] used to be" or words to that effect.

22.

Plaintiff informed the Executive Director that Plaintiff would wear black for the next six months. Plaintiff explained that in her culture, the family wears black for six months after a matriarch passes away. The Executive Director responded, "eww, you have to wear all black?" or words to that effect.

23.

On or about December 20, 2023, a meeting was set up with Defendants' Chief of Operations, MorningStar at Laurelhurst's Executive Director, Human Resources, and Plaintiff. At the beginning of the meeting, Plaintiff brought up the medication error and the fact that the error was under her nursing license. The Chief of Operations responded that they needed to "move past" the medication error or words to that effect, and that the purpose of the meeting was to discuss the need to "fill the building" or words to that effect. Plaintiff responded that the main reason the building was not full was that many of the potential residents required skilled nursing care and that MorningStar at Laurelhurst is not a skilled nursing facility. She further explained that as the only nurse in the building, the facility would be unable to provide adequate care for residents who require skilled nursing. Additionally, Plaintiff reported that housing individuals who required skilled nursing would be a patient safety issue. The Chief of Operations replied that "it's a fine line but you need to fill the building" or words to that effect. He also stated that Plaintiff needed "to find the spark you had in the beginning" or words to that effect.

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

24.

On or about December 26, 2023, Adult Protective Services arrived at MorningStar at Laurelhurst to investigate the medication error.

25.

Plaintiff flew to Connecticut for her grandmother's funeral on or about December 27, 2023.

26.

While Plaintiff was on leave, the Executive Director informed Plaintiff that there would be a meeting with management on January 3, 2024, and that Plaintiff would need to be back to work in time to run the meeting.

27.

Plaintiff flew home from her grandmother's funeral early and returned to work early on January 2, 2024 to prepare for the manager meeting that was to take place on January 3, 2024. At the end of Plaintiff's workday on January 2, 2024, Defendants placed Plaintiff on administrative leave.

28.

On or about Saturday, January 6, 2024, Defendants terminated Plaintiff's employment.

29.

Plaintiff understands that a medication error occurred at the Beaverton location of MorningStar Assisted Living that resulted in the death of a resident. To Plaintiff's knowledge, in that case, Defendants did not terminate the Wellness Director's employment. Unlike Plaintiff, the Wellness Director at the Beaverton location was not Black. Likewise, Plaintiff understands that a similar medication error occurred in or near Boulder, Colorado and Defendants did not terminate the Wellness Director. Indeed, Plaintiff was informed by Defendants' Vice President of



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

Wellness that there had been multiple medication errors made by Med Techs working for Defendants and, to the Vice President of Wellness's knowledge, no Wellness Director had been terminated for those errors.

**First Claim for Relief**

**ORS 659A.199 – Whistleblower Retaliation**

**(Against All Defendants)**

30.

Plaintiff realleges paragraphs 1 through 29 above as fully set forth herein.

31.

Defendants retaliated against Plaintiff in the terms and conditions of her employment by subjecting her to adverse employment actions, including but not limited to treating her differently from other employees, placing Plaintiff on administrative leave, and terminating Plaintiff's employment in substantial part for reporting in good faith information Plaintiff believed was evidence of violations of federal and/or state laws, rules, or regulations.

32.

In perpetrating the actions described in the above paragraphs, Defendants violated ORS 659A.199, causing Plaintiff to suffer damages.

33.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic damages in an amount to be proven at trial, including but not limited to damages for loss of employment, lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities in an amount to be determined at trial. Plaintiff will continue to have lost income and benefits into the future.



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

34.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer stress, sadness, crying, anxiousness, fear, malaise, anger, lethargy, sleepless nights, humiliation, inconvenience, loss of confidence, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

35.

Pursuant to ORS 659A.885, Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements.

36.

Defendants' conduct was willful, malicious, and/or done with reckless indifference to Plaintiff's state protected rights. Defendants should be assessed punitive damages in an amount to be determined at trial.

37.

Plaintiff also seeks equitable relief including an injunction enjoining Defendants from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under Oregon law.

**Second Claim for Relief**

**ORS 659A.233 – Retaliation**

**(Against All Defendants)**

38.

Plaintiff realleges paragraphs 1 through 37 above as fully set forth herein.

39.

Defendants retaliated against Plaintiff in the terms and conditions of her employment by subjecting her to adverse actions, including but not limited to



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

treating her differently from other employees, placing Plaintiff on administrative leave, and terminating Plaintiff's employment because she in good faith reported possible violations of ORS chapter 441 or of ORS 443.400 to 443.455.

40.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic damage in an amount to be proven at trial, including but not limited to damages for loss of employment, lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities in an amount to be determined at trial. Plaintiff will continue to have lost income and benefits into the future.

41.

Pursuant to ORS 659A.885, Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements.

42.

Plaintiff also seeks equitable relief including an injunction enjoining Defendants from engaging in any employment practice that constitutes unlawful discrimination and/or retaliation under Oregon law.

## Third Claim for Relief

## 42 U.S.C. § 1981 – Discrimination

## (Against All Defendants)

43.

Plaintiff realleges paragraphs 1 through 42 above as fully set forth herein.

44.

Defendants discriminated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting her to disparate treatment,



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

subjecting her to a hostile work environment including microaggressions, placing Plaintiff on administrative leave, and terminating Plaintiff's employment on the basis of her race in violation of 42 U.S.C. § 1981.

45.

As a result of Defendants' violations of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

46.

As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer stress, sadness, crying, anxiousness, fear, malaise, anger, lethargy, sleepless nights, humiliation, inconvenience, loss of confidence, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

47.

Defendants' conduct was willful, malicious, and/or done with reckless indifference to Plaintiff's federally protected rights. Defendants should be assessed punitive damages in an amount to be determined at trial.

48.

Plaintiff is entitled to recover her costs and attorney fees pursuant to 42 U.S.C. § 1988.

///

///

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

49.

Plaintiff also seeks equitable relief including an injunction enjoining Defendants from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under federal law.

**Fourth Claim for Relief**

**ORS 659A.030 – Discrimination**

**(Against All Defendants)**

50.

Plaintiff realleges paragraphs 1 through 49 above as fully set forth herein.

51.

Defendants discriminated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting her to disparate treatment, subjecting her to a hostile work environment including microaggressions, placing Plaintiff on administrative leave, and terminating Plaintiff's employment on the basis of her race and/or sex in violation of ORS 659A.030.

52.

Plaintiff realleges her damages as stated in paragraphs 33 through 37 above.

**Fifth Claim for Relief**

**ORS 659A.183 – OFLA Interference, Discrimination, and/or Retaliation**

**(Against All Defendants)**

53.

Plaintiff realleges paragraphs 1 through 52 above as fully set forth herein.

54.

At all material times, Defendants employed at least 25 employees in Oregon.

///

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

55.

At all material times, Plaintiff worked an average of at least 25 hours per week.

56.

Plaintiff inquired about, utilized, and/or attempted to utilize leave that was protected under Oregon law including but not limited to bereavement leave and pregnancy disability leave.

57.

As set forth above, Defendants interfered with, discriminated against, and/or retaliated against Plaintiff for invoking, utilizing, and/or attempting to utilize leave protected under the Oregon Family Leave Act ("OFLA") by requiring her to return to work early from leave and by taking adverse employment actions against Plaintiff, including but not limited to treating her differently from other employees, placing Plaintiff on administrative leave, and terminating Plaintiff's employment.

58.

Plaintiff realleges her damages as stated in paragraphs 40 through 42 above.

**Sixth Claim for Relief**

**ORS 653.641 – Sick Leave Retaliation**

**(Against All Defendants)**

59.

Plaintiff realleges paragraphs 1 through 58 above as fully set forth herein.

60.

Defendants retaliated against Plaintiff with respect to the terms and conditions of her employment in violation of ORS 653.641 by treating her differently from other employees, placing Plaintiff on administrative leave, and terminating Plaintiff's employment in substantial part for invoking her need for, utilizing, and/or attempting to utilize leave that was protected sick leave under Oregon law.



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

61.

Plaintiff realleges her damages as stated in paragraphs 40 through 42 above.

**<u>Seventh Claim for Relief</u>**

**ORS 659A.355 – Wage Inquiry Retaliation**

**(Against All Defendants)**

62.

Plaintiff realleges paragraphs 1 through 61 above as fully set forth herein.

63.

Plaintiff inquired about, discussed, and/or disclosed her wages with Defendants and their employees; and/or made a charge, filed a complaint or instituted, or caused to be instituted, an investigation or proceeding based on the disclosure of wage information by Plaintiff.

64.

A substantial factor in Defendants' decisions to retaliate against Plaintiff, including but not limited to treating her differently from other employees, placing Plaintiff on administrative leave, and terminating Plaintiff's employment was that Plaintiff engaged in protected activities alleged herein.

65.

Plaintiff realleges her damages as stated in paragraphs 33 through 37 above.

**<u>Eighth Claim for Relief</u>**

**Wrongful Discharge**

**(Against All Defendants)**

66.

Plaintiff realleges paragraphs 1 through 65 above as fully set forth herein.

///

///



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

67.

At all material times, the public policy of Oregon prohibits an employer from retaliating against an employee because the employee in good faith brings evidence of inappropriate care or any other violation of law or rules to the proper authority. Additionally, the public policy of Oregon prohibits an employer from retaliating against an employee for inquiring about and/or invoking her rights and/or utilizing and/or attempting to utilize protected OFLA leave and Oregon Sick Time. These public policies are embodied in common law, statutes, and regulations of the State of Oregon and the United States protecting the public and employees including but not limited to ORS chapter 441; ORS 443.400 to 443.455; ORS 659A.233; ORS 659A.183; OAR 839-099-0200, *et seq.*; ORS 653.641; OAR 839-007; and *Yeager v. Providence Health System Oregon*, 195 Or. App. 134 (2004).

68.

Defendant, through its agents and/or employees, violated the above public policies by discriminating and retaliating against Plaintiff for in good faith bringing evidence of inappropriate care or any other violation of law or rules to the attention of the proper authority and by interfering with, discriminating, and/or retaliating against Plaintiff for inquiring about and/or invoking her rights and/or utilizing and/or attempting to utilize protected medical and/or sick leave. The discharge was unlawful and in violation of the public policy of the State of Oregon.

69.

Plaintiff realleges her damages as stated in paragraphs 33 through 37 above.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For permanent injunctive relief enjoining Defendants, their officers, employees, and agents from engaging in any harassment or discrimination,



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

or for retaliating against any employee opposing unlawful employment practices;

2. Economic damages and future losses to be determined at trial;
3. Noneconomic damages to be determined at trial;
4. Punitive damages in an amount to be determined at trial;
5. Reasonable costs and attorney fees; and
6. For such other and further relief as the Court may deem just and equitable.

DATED this 15th day of July, 2025.

BAKER & LISS PC

*s/ Serena L. Liss*
Aaron W. Baker, OSB No. 922220
Serena L. Liss, OSB No. 154799
Attorneys for Plaintiff



BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800